716 P.2d 419

**The STATE of Arizona, Petitioner,**

v.

**The Honorable Ronald J. NEWMAN, Judge Pro Tempore of the Superior Court of Pima County, State of Arizona, Respondent,**

**and**

**A JUVENILE, Real Party in Interest.**

**No. 2 CA–SA 0300.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 7, 1985.

Review Denied March 25, 1986.

Stephen D. Neely, Pima Co. Atty. by Clinton R. Stinson, Tucson, for petitioner.

Frederic J. Dardis, Pima County Public Defender by Lisa K. Weyrauch, Tucson, for real party in interest.

## OPINION

HOWARD, Judge.

We assume jurisdiction of this special action proceeding filed by the state to answer a question of concern that is likely to recur: When does the 24-hour time period within which a petition must be filed pursuant to Rule 3(d), Rules of Procedure for the Juvenile Court, 17A A.R.S., begin to run?

On August 14, 1985, a petition for adjudication of delinquency was filed, charging the minor with third-degree burglary. At a detention hearing on August 14, the juvenile was released to the custody of his mother on ordered conditions of release. On September 9, he was taken into temporary custody by a Tucson police officer who referred him to the intake unit at the Pima County Juvenile Court Center at 8:57 a.m. See A.R.S. § 8–223. The minor was transferred to the detention unit at 12:34 p.m. on that date.

The state filed its petition alleging violations of the minor's conditions of release at 11:20 a.m. on September 10. At the detention hearing on September 10, the minor was released from detention by order of the juvenile court. The judge ruled, as a matter of law, that the 24-hour period for filing a petition under Rule 3(d) begins to run when the minor is initially referred to the intake unit of the facility. The court found that the state's petition was untimely under Rule 3(d) and ordered that the minor be released from detention. We do not agree with the juvenile court's interpretation of that rule.

The supervisor of the intake unit testified at the juvenile court hearing regarding the intake and detention procedures of the juvenile court. Once a minor is admitted to the intake unit, the staff on duty take steps to ascertain the identity of the minor and to obtain other relevant social information. An attempt is also made to contact the minor's parents or guardians. The minor is interviewed by the probation officer assigned to his case, if possible, or by the probation officer on duty. The probation officer then determines whether the minor should be detained pending the detention hearing required in Rules 3(d) and 3(e). Rule 3(b), Rules of Procedure for the Juvenile Court, 17A A.R.S., provides:

"(b) A child shall be detained only if there is probable cause to believe that the child committed the acts alleged in the petition, and there is reasonable cause to believe:

(1) That otherwise he will not be present at any hearing; or

(2) That he is likely to commit an offense injurious to himself or others; or

(3) That he must be held for another jurisdiction; or

(4) That the interests of the child or the public require custodial protection."

If a decision is made pursuant to Rule 3(b) to detain a minor, the detention unit is notified and the minor is admitted to detention as soon as possible. The intake staff, by the nature of its duties, disposes of many referrals by screening out those who are inappropriate for detention. The supervisor of the intake unit testified that more minors are released than detained during that process.

In pertinent part, Rule 3(d) provides that: "No child shall be held in detention for more than 24 hours, excluding Saturdays, Sundays and holidays, unless a petition alleging his delinquent conduct has been filed...." The minor argues that the term "in detention" must be interpreted to mean the time when a minor is referred to the intake unit of the juvenile court center.

**52**

The state's position is that "detention" begins when the receiving form is stamped with the time that the detention unit admits the minor.

 A.R.S. § 8–201(12) defines "detention" as "the temporary care of a child who requires secure custody in physically restricting facilities for the protection of the child or the community pending court disposition." It is the intake probation officer who determines whether a minor must be placed in "secured custody" pending the court's disposition at the detention hearing. In view of the procedure undertaken by the probation officer in the intake unit, the distinction between intake and detention and the fact that more minors are released than detained following the temporary intake holding procedures, Rule 3(d) must be interpreted to provide that the time of "detention" is the time when the minor is officially admitted to the detention unit.

 Normally, a probation officer interviews the minor, reviews the file, attempts to contact and speak with the minor's parents and often interviews the referring police officer before deciding whether detention is required. We note that the detention unit staff, in the interest of maintaining safety and order, will not admit a minor during meals, visitation times, staff shift changes and/or crisis situations in the unit. During that period, pending the probation officer's determination and the minor's admission to the detention unit, he or she remains in holding in the intake unit. In the instant case, there was no evidence that this procedure was not implemented, nor was there an allegation that the minor was held in the intake unit for an unreasonable period of time. That issue was not presented to the juvenile court and is not before us.

The juvenile court's order of September 10, 1985, is hereby vacated.

BIRDSALL, P.J., and FERNANDEZ, J., concur.